# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00625-KDB

| | |
|---|---|
| ANGEL KATRINA HOWIE,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>Defendant. | ORDER |

**THIS MATTER** is before the Court on Plaintiff Angel Katrina Howie's Motion for Summary Judgment (Doc. No. 17) and Defendant's Motion for Summary Judgment (Doc. No. 18). Ms. Howie, through counsel, seeks judicial review of an unfavorable administrative decision denying her application for a period of disability and disability insurance benefits under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be **DENIED**; Defendant's Motion for Summary Judgment will be **GRANTED**; and the Commissioner's decision **AFFIRMED**.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

1

## I. BACKGROUND

On November 2, 2017, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging that she had been disabled since October 25, 2017. (*See* Tr. 158-62). Plaintiff's application was denied initially and upon reconsideration. (*See* Tr. 67-78, 80-95). After conducting a hearing on August 6, 2019, Administrative Law Judge Randall Huggins (the "ALJ") denied her application in a decision dated November 13, 2019. (Tr. 15-25). On September 4, 2020, the Appeals Council denied Plaintiff's request for review. (*See* Tr. 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Howie has timely requested judicial review pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Ms. Howie was disabled under the law during the relevant period.[2] At step one, the ALJ found that Ms. Howie had not engaged in substantial gainful activity ("SGA") since October 25, 2017, the alleged onset date; and at step two that she had several medically determinable and severe impairments: obesity; degenerative joint

---

[2] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

disease/arthritis of the right hip; hypertension; and schizophrenia. (Tr. 17). However, the ALJ found at step three that none of Plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*See* Tr. 18).

The ALJ then determined that Ms. Howie had the residual functional capacity ("RFC") to work as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can climb ramps and stairs frequently, but never climb ladders, ropes or scaffolds. She can stoop, kneel, crouch, and crawl frequently. She should avoid concentrated exposure to unprotected heights and moving mechanical parts. She is limited to unskilled work that is not at a production rate pace, e.g., assembly line work. She is capable of sustaining concentration and pace for two-hour segments during a standard eight-hour workday. She is limited to occasional interaction with supervisors, coworkers and the public. She is limited to routine changes in an unskilled work setting.

(Tr. 20).

At step four, the ALJ found that the Plaintiff was unable to perform any of her past relevant work. (*See* Tr. 23). At step five, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff — given her age (49), education (at least a high school education), work experience, and RFC — could perform. (*See* Tr. 23). Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act from October 25, 2017 through the date of his decision. (*See* Tr. 29).

### III. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th

3

Cir. 1990); *see also Bird v. Comm'r of SSA,* 699 F.3d 337, 340 (4th Cir. 2012)*; Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).  The District Court does not review a final decision of the Commissioner *de novo*.  *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020)*; Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Smith,* 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, in undertaking this review, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

Plaintiff contends that Plaintiff's physical and mental RFC assessment is unsupported by substantial evidence because the Administrative Law Judge erred in failing to appropriately

4

consider Plaintiff's alleged sleep disorder, varicose veins and left knee arthritis. The ultimate question before the ALJ was whether Plaintiff became disabled at any time. The Court has conducted a careful but limited review of the ALJ's decision consistent with our role as a reviewing court as described above and finds that the ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled is supported by substantial evidence. More specifically, the Court finds there is substantial evidence to support a conclusion that the ALJ's RFC determination accounts for all of Ms. Howie's limitations stemming from medically determinable impairments. Further, Plaintiff has failed to establish that any of her alleged additional impairments would preclude her from performing the range of unskilled light work described in the RFC determination. Therefore, the ALJ's decision will be affirmed.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. No. 17) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 18) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 16, 2021

Kenneth D. Bell
United States District Judge